# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

## CIVIL ACTION NO. 4:08 – CV –

| | |
|---|---|
| Mr. Rashad Barr, Dr. Bernetha George, MD *et al*, who are residents and those affected by voting Changes for Florence School District No. 1 } } } } | |
| Plaintiffs } } | **VERIFIED COMPLAINT** |
| **&** | |
| Vs. } } | **MOTION FOR DECLARATORY RELIEF** |
| Florence County Voter Registration And Election Commission } } } | |
| & | |
| Florence School District No. 1 and its Board Members } } | |
| & | |
| The County and City of Florence, Political sub-divisions of South Carolina } } | |
| & | |
| The State of South Carolina Office of the Attorney General } } | Jury Demanded |
| Defendants } | |

---

## Preamble

As a result of decades of egregious conduct perpetrated against minority voters in

certain states, the United States Congress enacted the Voting Rights Act of 1965, an act

designed, *inter alia*, to enforce the 15th amendment to the Constitution of the United

States.  Pursuant to Section 5 of the Act, covered jurisdictions are expressly and strictly

required to acquire "pre-clearance" from the United States Department of Justice,

through an administrative procedure, or a three-judge panel of the United States Court

for the District of Columbia, through a declaratory judgment action, for any attempt to change any voting qualification or pre-requisite to voting, or standard, practice, or procedure with respect to voting. Additionally, a covered jurisdiction is prohibited from adopting any voting change that has any discriminatory purpose and/or have a retrogressive effect. This Complaint and its derivative Motion seeks to enforce §5 of the Act. The Plaintiffs collectively are registered voters and residents of the City of Florence located in the County of Florence, South Carolina, and in particular all residents who live within Florence School District 1 and its sub-parts #2 & #9. These Plaintiffs further seek declaratory relief from Defendants' official governmental actions that have violated and continue to violate the Plaintiffs' rights under §5 of the Voting Rights Act, 42 U.S.C. § 1973, *et seq*., as amended.

## JURISDICTION, VENUE, AND PARTIES

1. This action is brought pursuant to the Court's original jurisdiction under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, other civil rights' law provisions, and the Voting Rights Act of 1965, 42 U.S.C. § 1973 *et seq*., as amended, and jurisdiction statutes 28 U.S.C. §§ 1331, 1343 and 1391(b) because individual parties reside in the Florence District of this Court and all government defendants likewise are located in the Florence Division of this Court or the State of South Carolina generally.

2. The Plaintiffs are residents of the County of Florence, State of South Carolina, and in particular those living in Florence School District No. 1 and its sub-parts #2 & #9, and the Glendale area which overlaps these districts.

3. Defendants individually and collectively are the responsible and representative

governmental officials for the County of Florence and the State of South Carolina, to include but not limited to the Florence County Voter Registration and Election Commission and the subject school district and its board members.  As used throughout this Complaint and Motion for Declaratory Relief, the use of the term "Defendants" means all Defendants, either individually or collectively, or both.

## VERIFIED FACTS

4.  Defendant South Carolina and its political sub-divisions are covered jurisdictions under the Voting Rights Act of 1965, 42 U.S.C §1973, *et seq*., as amended, and its Reauthorization and Amendments Act of 2006, H.R. 9, P.L. 109-246, signed into law by then President Bush on July 27, 2006. (Henceforth referred to as the "VRA").

5.  The jurisdiction identified in ¶ 4 requires pre-clearance for any voting change in accordance with §5 of the VRA, 42 U.S.C. §1973c, *et seq*., as amended; 28 C.F.R. 51.1.

6.  The pre-clearance requirement identified in ¶ 5 requires any proposed voting change to be submitted to the United States Department of Justice, through an administrative procedure, or a three-judge panel of the United States Court for the District of Columbia, through a declaratory judgment action, to "pre-clear" any attempt to change any voting qualification or pre-requisite to voting, or standard, practice, or procedure with respect to voting *prior* to any implementation of any voting change.

7.  Defendants created voting changes generally known as S.C. Act R367 (A421 H3740) of 2006, which amended prior act #239 of 1981 and act #601 of 1986, respectively, relating to the district lines of Florence School District No. 1 and these changes received pre-clearance.

8.  Defendants' actions identified in ¶ 7 were signed into law by then Governor Mark

Sanford of South Carolina on June 1, 2006.

9. Defendants' acts identified in ¶¶s 7 & 8 amended prior state acts by redrawing the lines for the voting districts of Florence School District No. 1, which affected the borders, voters, and elections relative to school board members of Florence School District No. 1 for the school district elections conducted in 2006, 2008, and 2010.

10. Although Defendants created an approved voting change, Defendants failed to implement that change that received the requisite pre-clearance from the United States Department of Justice. Rather, Defendants implemented voting changes never approved by the United States Department of Justice or through a Declaratory Judgment from the United States Court for the District of Columbia for the voting changes that commenced in 2006, and forward, and as identified in ¶¶s 7-9, inclusive.

11. In 2010, Defendants actually implemented a voting change which took voters from Florence County School District No.1, sub-part #9 and redistricted those boundaries so that voters who were supposed to be in sub-part #9 ended up in sub-part #2.

12. This implemented voting change was never voted upon by the South Carolina legislature.

13. Because the voting changes never acquired Defendants' official approval, it likewise never received pre-clearance by the United States Department of Justice or a declaratory judgment through the United States Court for the District of Columbia.

14. Defendants' actions and omissions are without any legal justification or excuse, and are violative of § 5 of the VRA and have been so since 2006 and forward because

      a. Defendants utilized a map in 2006 & 2008 that never received pre-clearance or judicial approval; and,

    b. Defendants further re-districted sub-parts #2 & #9 by moving boundaries

    which removed voters from sub-part #9 and moved those voters to sub-part #2.

15. Changes that affect voting are legally unenforceable unless and until the appropriate

VRA § 5 determination is made by the United States Department of Justice or the

requisite court order has been obtained.

16. Defendants have been historically placed on notice that their changes, which

commenced in 2006, and forward, are violative of the VRA because no pre-clearance or

declaratory judgment has been obtained.

17. Defendants implemented the subject voting changes which consisted of re-districting

of boundaries & disenfranchisement of voters for Florence School District No. 1, and its

sub-parts #2 & #9, which also affected elections relative to school board members of

Florence School District No. 1, sub-parts #2 & #9 for school district elections conducted

in 2010. These collective voting changes that have occurred during the past five (5)

years have been brought to the attention of Defendants, who have not taken any adequate

corrective action.

18. The Plaintiffs contend they and all other similarly situated residents are subject to

Defendants' voting changes complained of herein.

19. The Plaintiffs further contend that Defendants' voting changes have resulted in a

prohibited discriminatory purpose and/or have a retrogressive effect in that

approximately 900 potential voters have been disenfranchised and/or adversely affected.

## For the Plaintiff's First Cause of Action – Violation of §5 of the VRA

## &

## Motion for Declaratory Relief

20.  The Plaintiffs incorporate herein by reference ¶¶s 1-19, inclusive, as if fully recited.

21. Because of the common nucleus of operative facts and law recited throughout this Complaint, and in the interests of Judicial Economy, the Plaintiffs' will group its First Cause of Action and its Motion for Declaratory Relief together because they have a shared objective.

22. The Plaintiffs seek declaratory relief for violations of the VRA pursuant to 28 U.S.C. §2201 and §2202 and Rule 57 of the Federal Rules of Civil Procedure.

23. The VRA is a statutory mechanism designed to eliminate possible future denials or abridgements of the right to vote based on racial discrimination, and eliminate any proposed changes that could have any discriminatory purpose or effect.

24. Defendants, a covered jurisdiction, must demonstrate that its proposed changes do not have any discriminatory purpose or effect pursuant to and in accordance with the VRA, to include but not limited to the affected residents of Florence School District No. 1's ability to elect their preferred candidates of choice.

25. The subject voting changes since 2006 violates the VRA and adversely affects the Plaintiffs and certain protected residents of Florence School District No. 1.

26.  The Plaintiffs incorporate by reference the attached letter from the Office of the Attorney General for the State of South Carolina dated July 8, 2006 and the same is to be read into this Complaint as if fully recited.  (See Attached Exhibit #1).

27.  The Plaintiffs incorporate by reference the attached letter from the Office of the Attorney General for the State of South Carolina dated January 28, 2011 and the same is to be read into this Complaint as if fully recited.  (See Attached Exhibit #2).

28.  The Plaintiffs incorporate by reference the attached letter from the United States

Department of Justice, Civil Rights Division, dated February 4, 2011 and the same is to be read into this Complaint as if fully recited. (See Attached Exhibit #3).

29. The Plaintiffs incorporate by reference the attached letter from the United States Department of Justice, Civil Rights Division, dated April 5, 2011 and the same is to be read into this Complaint as if fully recited. (See Attached Exhibit #4).

30. The Plaintiffs are entitled to Declaratory Judgment, and the Plaintiffs seek a declaratory ruling by this Court for the following particular matters:

     a. Defendants are bound by the VRA;

     b. Defendants must acquire the necessary pre-clearance or declaratory judgment prior to implementing any voting changes;

     c. Defendants' numerous stated acts and omissions identified above are "voting changes" as contemplated and envisioned under §5 of the VRA;

     d. The subject voting changes of 2006 and forward which did not receive the pre-clearance as required by law is violative of the VRA;

     e. The voting changes that violated the VRA and any and all results and consequences from those changes are not legally enforceable; and

     f. Defendants must adhere to and implement only those voting changes that have received proper United States Department of Justice pre-clearance or those which received the proper declaratory ruling from the United States Court for the District of Columbia.

31. The Plaintiffs further seek a judgment from this Court that evidences Defendants have violated §5 of the VRA in that:

     A. Defendants did not get the necessary and legally required pre-clearance;

B.  Defendants actions are violative of the second prong of § 5 of the VRA in that

Defendants' acts and omissions were done with a discriminatory purpose, and/or

C.  There was a retrogressive effect; and,

D.  Defendants have failed to make the necessary showing that its changes were

done with no discriminatory purpose and/or retrogressive effect.

**WHEREFORE**, the Plaintiffs seek an Order from this Court and relief as

follows:

1.  Declaratory judgment for the items sought in ¶ 30 & its sub-parts a – f,

    inclusive;

2.  An order of judgment evidencing that Defendants have violated the VRA;

3.  An award for all of the Plaintiffs' attorney fees, expert witness fees, expenses

    and court costs incurred in pursuing this action;

4.  Granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,


 s/Hammond A. Beale
Hammond A. Beale


Palmetto Law Center, PC
791 Greenlawn Avenue, Suite No. 2
P.O. Box 9526
Columbia, South Carolina 29209
(803) 783 – 4570 Phone
(803) 776 – 7862 Fax
Federal Bar # 1254


Columbia, South Carolina

May ____5____ 2012